H. Muehlstein & Co., Inc., F. L. Kraemer & Co. *v.* United States (No. 4898) [1]

United States Court of Customs and Patent Appeals, March 29, 1957

*Sharretts, Paley & Carter* (*Howard C. Carter* and *Richard F. Weeks* of counsel) for appellants.

*George Cochran Doub*, Assistant Attorney General and *Richard E. FitzGibbon*, Chief, Customs Section for the United States.

[Oral argument February 13, 1957, by Mr. Carter and Mr. FitzGibbon]

Before Johnson, Chief Judge, and O'Connell, Worley, Rich, and Jackson (retired), Associate Judges

Worley, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, C. D. 1806, overruling the importers' protests in two cases which were consolidated for trial. In the first case, No. 177613–K, the merchandise was held to be dutiable under paragraph 1537 (b) of the Tariff Act of 1930 at 25 per centum ad valorem as manufactures of india rubber. The importer claimed classification should have been under the same paragraph but as manufactures composed wholly or in chief value of india rubber known as "hard rubber," dutiable at 12½ per centum ad valorem, or alternatively under paragraph 1558 as a non-enumerated manufactured article dutiable at 20 per centum ad valorem.

---

[1] C. A. D. 645.

In the second case, No. 177614–K, the merchandise was held dutiable at 12½ per centum ad valorem under paragraph 1537 (b) as manufactures of india rubber known as "hard rubber," while it was alleged in the protest that the merchandise was properly free of duty under paragraph 1697 as scrap or refuse synthetic or india rubber fit only for remanufacture.

The pertinent portions of the Tariff Act read:

Paragraph 1537.

\* \* \* \* \* \* \*

(b) Manufactures of india rubber or gutta-percha, or of which these substances or either of them is the component material of chief value, not specially provided for, 25 per centum ad valorem; \* \* \*

Paragraph 1537 (b) as modified by the General Agreement on Tariffs and Trade, T. D. 51802:

Manufactures composed wholly or in chief value of india rubber known as "hard rubber," not specially provided for, finished or unfinished:

\* \* \* \* \* \* \*

Other_____ 12½% ad val.

Paragraph 1558, Tariff Act of 1930:

That there shall be levied, collected and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

As to the merchandise involved in the second case, the importers' protest claimed only that it was free of duty under paragraph 1697. No claim for any other classification was made. The protest was overruled by the Customs Court. The instant appeal assigns no error in the failure of the court to hold the merchandise free of duty, nor is that issue raised by the "Questions Presented" in appellants' brief. Under such circumstances the judgment of the Customs Court, so far as it relates to the merchandise involved in case No. 177614–K, is not properly in issue here. It may be noted, however, that the Customs Court found, and the parties agree, that since the goods involved in the two cases differ only in that the starting material is natural crude rubber in one case and natural rubber scrap in the other, they are identical for purposes of tariff classification.

The record shows that the merchandise, imported in the form of a powder, is prepared by vulcanizing natural rubber by heating it with sulphur, forming hard rubber in the shape of cakes or biscuits, and then grinding the cakes to powder form. The resultant material is used as a filler in the manufacture of various hard rubber articles such as battery containers, bowling balls, combs, and tubes. It is known as hard rubber dust, or ebonite dust, and is not dedicated to the production of any one type of article although it apparently has no use except as an additive in the making of hard rubber articles.

The Customs Court held that the merchandise could not be consid-

ered a manufacture of hard rubber since the grinding did not produce a new article distinct from the cakes or biscuits, but merely gave the material a different form "somewhat advanced over its former condition but still only a hard rubber material." The court was of the opinion, however, that the merchandise was so far advanced from the original natural india rubber as to constitute it a manufacture of that material.

The question as to what constitutes a manufacture is one which has frequently been before the courts. In *Kleinberger & Katz* v. *United States*, 12 Ct. Cust. Appls. 571, T. D. 40798, the matter was thoroughly discussed with an extensive citation of authorities, and the following excerpt from *Ishimitsu* v. *United States*, 11 Ct. Cust. Appls. 186, T. D. 38963, was adopted as a proper definition:

* * * there still remains the idea that to constitute a manufacture of a thing, or a thing manufactured, it must appear that something has been produced so changed or advanced in condition from what it was before being subjected to the processing or treatment that whether of only one material or of more than one, it has attained a distinctive name, character or use, different from that originally possessed by the material or materials before being subjected to the manufacturing process.

The above was also approved in the decision of this court in *United States* v. *Wilkinson Process Rubber Sales Corp.*, 22 C. C. P. A. (Customs) 60, T. D. 47051, with the statement that it illustrates a rule to which this court has adhered.

The decision in the *Kleinberger* case contains the following statement:

* * * but there may be, and often is, a clear distinction between an article which has been manufactured and a manufacture of a certain material. The one phrase imports a processing operation; the other imports a completed article of commerce.

The instant merchandise appears to be a manufacture of india rubber within the purview of the above authorities. It has a distinctive name, hard rubber dust or ebonite dust, a distinctive character, in that it has been hardened by vulcanization and reduced to a powder, and a distinctive use in that it is useful only as an ingredient of hard rubber articles, while india rubber has a wide variety of uses. It is also a completed article of commerce.

The question as to the classification of hard rubber dust was before this court in *Herman Weber* v. *United States*, 24 C. C. P. A. (Customs) 349, T. D. 48803. There the dust had been held by the collector and the Customs Court to be a manufacture of "india rubber known as hard rubber." In affirming that decision and overruling the importer's contention that the dust was merely a form of scrap rubber, this court said:

* * * The record does not show whether the material was composed of crude rubber or scrap soft rubber or scrap hard rubber. So far as the record shows, it may have been of parts of all. If it was composed of hard rubber scrap, it had been ground only. If of soft rubber scrap, this soft rubber had been ground,

vulcanized, changed into a hard rubber cake, and then ground. If it was of crude rubber it had gone through a similar process, so that, in the end, whatever the material of which it was composed might have been, it was converted into a material which may have been entirely different from the original product from which it was made. It needs no argument to convince the mind that crude rubber or soft rubber scrap might have been fitted for an entirely different use than for the remanufacture of hard rubber articles. The product which was produced had a new name and was no longer scrap rubber. It was hard rubber dust, a distinct article of commerce.

It is clear from the foregoing quotation that hard rubber dust was regarded as a manufacture of rubber. The court, however, did not pass on whether it was a manufacture of india rubber or of "india rubber known as hard rubber," but merely held that since there was no proof of record as to the material of which the dust was made, the importer had not sustained his burden of showing that the dust was not a manufacture of hard rubber.

We are of the opinion the instant merchandise is clearly a manufacture of india rubber. It remains to be considered whether it is also a manufacture of "india rubber known as hard rubber," as contended by appellant. With respect to that contention we agree with the Customs Court that "the mere grinding of the hard rubber cakes or biscuits into dusts is not such a manufacture as would constitute the dusts manufactures of hard rubber." The cakes or biscuits appear to have no utility except to be ground into dust, and represent merely an intermediate stage in the manufacture of the hard rubber dust from india rubber. There is no such distinction between the cakes or biscuits and the hard rubber dust as would constitute the latter a manufacture of the former. They are merely the same hard rubber material in different conditions.

The decision of the United States Customs Court is *affirmed*.

JACKSON, J., Retired, recalled to participate herein in place of COLE, J., absent because of illness.